**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KIM RONALD BROOKS,**

            **Plaintiff,**

-vs-                                            **Case No. 6:08-cv-928-Orl-31GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

            **Defendant.**

_____

# ORDER

On June 25, 2009, Magistrate Judge Kelly entered a Report and Recommendation (Doc. 17) recommending that the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits be AFFIRMED. Plaintiff filed timely objections to the Report (Doc. 18). Defendant has not responded. Upon *de novo* review of the above, the Court concurs with the recommendation of the Magistrate Judge.

In his objection, the Plaintiff argues that the ALJ erred by "fail[ing] to make a specific finding as to whether [Plaintiff's] radiculopathy would affect his ability to do light work." (Doc. 18 at 3-4). However, Plaintiff failed to raise this argument in his memorandum in opposition to the Commissioner's decision.[1] Thus, Plaintiff waived this argument. Moreover, the record does

---

[1] Rather, Plaintiff argued that in determining whether he could perform a full range of work, the ALJ had not properly considered (1) Plaintiff's testimony regarding his pain; (2) September 1999 x-rays showing a compression fracture of Plaintiff's twelfth thoracic vertebrae; (3) September 1999 and October 1999 x-rays showing increased abnormal backwards curvature at the fracture site; and (4) a June 2007 MRI of the fracture site. (Doc. 12 at 15-17).

not support this contention. The ALJ noted Dr. Zwolinski's radiculopathy diagnosis and made a specific finding, "[a]fter consideration of the entire record" – which would necessarily include the radiculopathy diagnosis – "that, through the date last insured, the claimant had the residual functional capacity to perform the entire range of light work." (Doc. 7 at 19-20). The ALJ also explained her rationale for giving little weight to Dr. Zwolinski's assessment of Plaintiff's condition. (Doc. 7 at 22).

The Plaintiff also complains about the ALJ's determination that he had not suffered "incapacitating pain." (Doc. 17 at 5). The Plaintiff contends – correctly – that this is not the proper legal standard for determining whether he is disabled. But the ALJ was not implying that the Plaintiff's pain had to be incapacitating for him to qualify as disabled. According to the opinion, the Plaintiff testified that his pain was so severe that he was precluded from all work activity. (Doc. 7 at 21). The ALJ discounted this testimony on the grounds that, among other things, "[t]he objective medical evidence in the record fails to establish an underlying medical condition that could reasonably be expected to produce incapacitating pain." (Doc. 7 at 21-22). Thus, the ALJ was addressing this point to explain why she had discounted Plaintiff's testimony, not because she thought that this was the proper standard for determining whether someone was disabled.

Finally, the Plaintiff argues that the ALJ's factual findings are not supported by substantial evidence. (Doc. 17 at 6-7). Again, the Plaintiff failed to make this argument in his memorandum in opposition to the Commissioner's decision, thereby waiving it. In addition, this argument does not stand up to close scrutiny. Most of the evidence the Plaintiff points to is either equivocal or concerns the Plaintiff's condition after the relevant time frame – *i.e.*, the period from September

15, 1999 to the date he was last insured, December 31, 2005. Such evidence is not enough to undermine the evidence relied upon by the ALJ.

In consideration of the foregoing, it is hereby

**ORDERED** that:

1. The Report and Recommendation of the Magistrate Judge is Adopted and Confirmed;

2. The decision of the Commissioner is hereby **AFFIRMED**.

3. The Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 13, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Magistrate Judge
Counsel of Record
Unrepresented Party